# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| A. J., a minor by his<br>Mother PRITRICE JACKSON, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. |
| vs. | ) | |
| | ) | |
| | ) | |
| COUNTRY CLUB HILLS | ) | |
| SCHOOL DISTRICT 160; | ) | |
| DR. MILLICENT BORISHADE; | ) | |
| and ANTHONY PATELLA, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, A. J., a minor, by his mother, PRITRICE JACKSON, by and

through their attorneys, JAMES A. PAYONK, JR., P.C., and in complaining against Defendants,

COUNTRY CLUB HILLS SCHOOL DISTRICT 160, DR. MILLICENT BORISHADE and

ANTHONY PATELLA, states as follows:

### JURISDICTION and VENUE

1.    This action arises under the authority vested in this Court by virtue of 42 U.S.C.

§§ 1983 & 1985, 28 U.S.C. § 1331, 28 U.S.C. §§ 2201 & 2202, 28 U.S.C. § 1343(3) and 28

U.S.C. § 1367 (pendent jurisdiction).  Venue is proper under 28 U.S.C. § 1391.

### PARTIES

2.    Plaintiff, A. J., was an eighth-grade student at Southwood Middle School and sues

through his mother, PRITRICE JACKSON.

3.      Defendant, COUNTRY CLUB HILLS SCHOOL DISTRICT 160, is an entity organized under and pursuant to Illinois law.

4.      Defendant, DR. MILLICENT BORISHADE, is the former Principal of Southwood Middle School; was the principal of Southwood Middle School at all times relevant hereto; and is sued in her individual capacity.

5.      Defendant, ANTHONY PATELLA, was a teacher at Southwood Middle School; at all times relevant and hereto; and is sued individually.

FACTUAL ALLEGATIONS

6.      On April 27, 2012, money was discovered to be missing from a classroom at the Southwood Middle School.

7.      On April 27, 2012, the Defendant, DR. MILLICENT BORISHADE, came to the classroom that the minor Plaintiff, A. J. was in, and requested all students in the classroom to tell her about the missing money.

8.      When no student said anything about the missing money, the Defendant, DR. MILLICENT BORISHADE, ordered the students to take out a piece of paper and write everything they knew about the missing money.

9.      The students, including the minor Plaintiff, A.J., complied and took out pieces of paper and on information and belief, wrote what they knew about the missing money.   The Defendant, DR. MILLICENT BORISHADE, then collected all of the papers.  The Defendant, DR. MILLICENT BORISHADE, then left the classroom.

10.      Shortly thereafter, the Defendant, DR. MILLICENT BORISHADE, returned and again ordered the students in the classroom  to write what they knew about the missing money. The students complied and DR. BORISHADE once again collected the papers.

2

11.     Without leaving the classroom thereafter, the Defendant, DR. MILLICENT BORISHADE, ordered the minor Plaintiff, A. J., to accompany her from the classroom.

12.     Once outside of the classroom, the Defendant, DR. MILLICENT BORISHADE, began questioning the minor Plaintiff, A. J., about the missing money.  The minor Plaintiff, A. J., denied any knowledge of the missing money.

13.     The Defendant, DR. MILLICENT BORISHADE, then took the minor Plaintiff to her office in the building.  The Defendant, DR. MILLICENT BORISHADE, then ordered the minor Plaintiff, A. J., to remove his shoes and socks and empty his pockets.

14.     The minor Plaintiff, A.J., complied with the order, but there was no money in the shoes, socks or pockets of the minor Plaintiff, A. J..

15.     Thereafter, the Defendant, DR. MILLICENT BORISHADE, contacted the Defendant, ANTHONY PATELLA.

16.     The Defendant, DR. MILLICENT BORISHADE, ordered the Defendant, ANTHONY PATELLA, to strip search the minor Plaintiff, A. J., to see if the minor had the money in his gym shorts (the minor was wearing pants with his gym shorts on underneath).

17.     Several times after the minor Plaintiff, A. J., was removed from the classroom by the Defendant, DR. MILLICENT BORISHADE, but before he was strip searched, the minor Plaintiff, A. J., requested to call his parents, but the Defendant, DR. MILLICENT BORISHADE, would not permit the minor to telephone his parents.

18.     The Defendant, ANTHONY PATELLA, took the minor Plaintiff, A. J., to a bathroom.

3

19.    In the middle of the bathroom, and not in a private stall, the Defendant, ANTHONY PATELLA, ordered the minor Plaintiff, A. J., to unbutton his pants and drop them to the floor.

20.    The Defendant, ANTHONY PATELLA, then ordered the minor Plaintiff, A. J., to drop his gym shorts to the floor.

21.    The minor Plaintiff, A. J., did unbutton his pants and drop them to the floor and then dropped his gym shorts to the floor, in compliance with the order of the Defendant, ANTHONY PATELLA.

22.    The minor Plaintiff, A. J., was then standing in front of the Defendant, ANTHONY PATELLA, only in his underwear.

23.    The Defendant, ANTHONY PATELLA, then approached the minor Plaintiff, A. J., and, while the minor's pants and gym shorts were on the ground around the minor's ankles, the Defendant, ANTHONY PATELLA, searched the pants and gym shorts of the minor.

24.    Another student of the Southwood Middle School walked into the bathroom while the Defendant and minor were in the bathroom during the time the Defendant, ANTHONY PATELLA, was searching the clothing of the minor Plaintiff.

25.    The Defendant, ANTHONY PATELLA, did not discover any money in the pants or gym shorts of the minor Plaintiff, A. J.

26.    The Defendant, ANTHONY PATELLA, took the minor Plaintiff back to the office of the Defendant, DR. MILLICENT BORISHADE.

27.    The Defendant, DR. MILLICENT BORISHADE, then took the minor Plaintiff, A. J., to his locker and searched the locker of the minor Plaintiff.

28.     The Defendant, DR. MILLICENT BORISHADE, did not search or request to search the locker of the minor Plaintiff, A.J. prior to ordering the Defendant, ANTHONY PATELLA, to strip search the minor.

29.     The Defendant, DR. MILLICENT BORISHADE, did not find any money in the locker of the minor Plaintiff, A. J..

30.     The Defendant, DR. MILLICENT BORISHADE, then took the minor back to her office and continued to question the minor about the money. The minor continued to respond that he had no knowledge of the money.

31.     The Defendant, DR. MILLICENT BORISHADE, then ordered the minor Plaintiff to return to the classroom from which she had taken him.

32.     The minor Plaintiff, A. J., again requested to call his parents and the Defendant, DR. MILLICENT BORISHADE, would not allow the minor to telephone his parents.

33.     The Defendant, DR. MILLICENT BORISHADE, did not, on April 27, 2012, contact the mother or father of the minor, A. J., at any time.

34.     The Defendant, ANTHONY PATELLA, did not, on April 27, 2012, contact the mother of father of the minor, A.J., at any time.

35.     No agent or employee of the Defendant, COUNTRY CLUB HILLS SCHOOL DISTRICT 160, contacted the mother or father of the minor Plaintiff, A.J., at any time on April 27, 2012.

36.     On April 27, 2012, the Defendant, DR. MILLICENT BORISHADE, and the Defendant, COUNTRY CLUB HILLS SCHOOL DISTRICT 160, had the current telephone numbers for the mother and father of the minor Plaintiff, A.J.

37. On April 27, 2012, video surveillance cameras were operating at Southwood Middle School and were positioned so that the identity of each person who entered the classroom from where the money was allegedly taken on April 27, 2012 could be seen.

38. Prior to the strip search of the minor Plaintiff, A.J., the Defendant, DR. MILLICENT BORISHADE, did not review the surveillance video to determine if the minor Plaintiff, A.J., had ever been in the classroom from where the money had been discovered missing on April 27, 2012.

39. The minor Plaintiff, A.J., was degraded, traumatized, embarrassed, humiliated and profoundly affected by the Defendants' actions causing fear, anguish and emotional distress which inhibits his personal and educational growth and progress as well as ability to trust persons in positions of authority and adults in general.

40. The strip search of the minor, A.J., was done intentionally, willfully, wantonly , maliciously, recklessly, sadistically, deliberately, with callous indifference to its consequences and/or with gross negligence which was the proximate cause of harm to the minor Plaintiff.

41. In *Safford United School District #1 v. Redding*, 129 S.Ct. 2633 (2009) (quoting *Pearson v. Callahan*, 129 S.Ct. 808, 822 (2009)). To overcome qualified immunity, a plaintiff must show that the alleged conduct gives rise to a constitutional violation, and that the right was clearly established at the time of the violation. The Supreme Court clearly established and definitely held that school officials may not perform even a partial strip search of a student in an effort to locate money even if they have probable cause to do so.

<u>CLAIMS FOR RELIEF</u>

I. <u>Federal Cause of Action Against DR. MILLICENT BORISHADE and
ANTHONY PATELLA – 42 U.S.C. § 1983 -
Violation of Constitutional Rights</u>

6

42.     Plaintiff realleges Paragraphs 1 through 41 as though fully set forth herein.

43.     The Defendant, DR. MILLICENT BORISHADE, ordered that the minor Plaintiff, A.J., be strip searched by the Defendant, ANTHONY PATELLA, violating A.J.'s rights under the Fourth Amendment, Fifth Amendment and Fourteenth Amendment of the United States Constitution.

44.     The actions of DR. MILLICENT BORISHADE and ANTHONY PATELLA, violated the clearly established constitutional rights of the minor Plaintiff, A.J., as set forth by the United States Supreme Court in *Safford United School District #1 v. Redding.*

45.     As a direct and proximate result of the violation of the constitutional rights of the minor Plaintiff, A.J., the minor was degraded, traumatized, embarrassed, humiliated and profoundly affected by the Defendants' actions causing fear, anguish and emotional distress which inhibits his personal and educational growth and progress as well as ability to trust persons in positions of authority and adults in general.

II.     <u>FEDERAL CAUSE OF ACTION AGAINST DR. MILLICENT BORISHADE and ANTHONY PATELLA – 42 U.S.C. § 1983 –</u>
Violation of Due Process:  Shocks the Conscience

46.     Plaintiff realleges Paragraphs 1 through 41 as though fully set forth herein.

47.     The actions of the Defendant, DR. MILLICENT BORISHADE and the Defendant, ANTHONY PATELLA, constituted gross malfeasance such that it shocks the conscience.

48.     As a direct and proximate result of the violation of the constitutional rights of the minor Plaintiff, A.J., the minor was degraded, traumatized, embarrassed, humiliated and profoundly affected by the Defendants' actions causing fear, anguish and emotional distress

which inhibits his personal and educational growth and progress as well as ability to trust

persons in positions of authority and adults in general.

### III.     42 U.S.C. § 1983 – MONELL – FAILURE TO TRAIN - COUNTRY CLUB HILLS SCHOOL DISTRICT 160

49.     Plaintiff realleges Paragraph 1 through 41 as though fully set forth herein.

50.     The Defendant, COUNTRY CLUB HILLS SCHOOL DISTRICT 160, and the

Superintendent of the Board, had a duty to properly train and supervise the Defendant, DR.

MILLICENT BORISHADE, as Principal of Southwood Middle School, in the law regarding the

strip search of the students attending Southwood Middle School.

51.     That in *Safford United School District #1 v. Redding,* the United States Supreme

Court set forth specific guidelines, factors and criteria regarding the strip search of students.

52.     That post-*Safford*, the need to train school principals regarding the legality of strip

searches of students was critical.

53.     That post-*Safford,* the failure to follow the guidelines, factors and holdings set

forth by the United States Supreme Court in *Safford United School District #1 v. Redding*

governing strip searches of students would likely result in violation of the constitutional rights of

students; as well as severe and traumatizing injury to the students.

54.     Given the *Safford* precedent, the failure to train and supervise the Principal of

Southwood Middle School, and specifically the Defendant, DR. MILLICENT BORISHADE,

evidences a deliberate indifference to the rights of the students, and more specifically, the minor

Plaintiff herein, A.J.

### PRAYERS FOR RELIEF

8

WHEREFORE, Plaintiff, PRITRICE JACKSON, as mother of A.J., a minor, prays that this Court grant the following relief against DR. MILLICENT BORISHADE, ANTHONY PATELLA, and COUNTRY CLUB HILLS SCHOOL DISTRICT 160:

1. Compensatory damages in an amount to be determined by the tryer of fact;

2. Punitive damages against DR. MILLICENT BORISHADE and ANTHONY PATELLA and according to federal law;

3. Reasonable attorneys' fees, expenses and costs of litigation pursuant to 42 U.S.C. § 1988 and other applicable laws;

4. Such other relief as this Court deems just and proper.

    PLAINTIFF HEREBY REQUESTS A JURY TRIAL.


                                            JAMES A. PAYONK, JR., P.C.


                                    By: _____
                                            James A. Payonk, Jr.


**ATTORNEY NO.**
JAMES A. PAYONK, JR., P.C.
Attorneys for Plaintiff
15414 S. Harlem Ave.
Orland Park, Illinois 60462
(708) 633-6005